Rollo E. STILLS, Petitioner,

v.

Ted ENGLE, Respondent.

No. C–3–82–136.

United States District Court,
S.D. Ohio, W.D.

June 10, 1983.

Rollo E. Stills, pro se.

Dain N. Deveny, Asst. Atty. Gen., Columbus, Ohio, for respondent.

### DECISION AND ENTRY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS; TERMINATION ENTRY

RICE, District Judge.

## I. INTRODUCTION

The captioned cause is a petition for writ of habeas corpus brought by a state prisoner pursuant to 28 U.S.C. § 2254. Having received Respondent's Return of Writ (doc. # 8), and Supplemental Return of Writ (doc. # 10), this matter is currently before the Court to "determine whether an evidentiary hearing is required" and if not, to "make such disposition of the petition as justice shall require." 28 U.S.C. § 2254, Rule 8(a).

Petitioner was convicted in February, 1978, in Greene County, Ohio, of aggravated robbery, in violation of Ohio Rev.Code § 2911.01(A),[1] and was sentenced to a term of five to twenty-five years. Petitioner appealed the judgment of conviction to the Second District Court of Appeals, wherein he raised the following claims:

1. The trial court erred in denying Petitioner's motion for mistrial because of reference to subsequent robberies; and

2. the verdict was not sustained by sufficient evidence.

The Court of Appeals affirmed Petitioner's conviction in September, 1978, having found no error in the trial proceedings. *State v. Stills,* No. 996, slip. op. (Ct.App. Greene County, September 18, 1978). Petitioner's appeal to the Ohio Supreme Court was dismissed in January, 1979 for lack of a substantial constitutional question. (*See,* doc. # 8, p. 1).

Petitioner subsequently filed a motion for post-conviction relief with the Greene County Court of Common Pleas, pursuant to Ohio Rev.Code § 2953.21 *et seq.* Therein, Petitioner raised more than 20 grounds for relief, all of which fall under the general claim that Petitioner was denied the effective assistance of counsel, including his claim that his trial counsel failed to file a motion to suppress evidence seized in an unconstitutional search. An evidentiary hearing was held on Petitioner's claim that he was denied the effective assistance of counsel. Petitioner, who was permitted to represent himself at the hearing, questioned his trial counsel and key witnesses from his trial, as well as testifying himself. Relief was denied by written decision on October 12, 1979. *See, State v. Stills,* No. 77 CR 173, slip op. (Ct. of Com.Pleas, Greene County, October 12, 1979).

Petitioner appealed the post-conviction trial court decision to the Second District Court of Appeals, wherein he raised the following claims:

1. he was entitled to post-conviction relief on his claim of ineffective assistance of counsel;

2. he was the object of an unconstitutional search and seizure; and

3. it was unconstitutional error for the same judge to preside at trial and at the evidentiary hearing.

*See, State v. Stills,* No. 1129, slip op. (Ct. App. Greene County, April 15, 1981). The Court of Appeals denied relief on April 15, 1981. In its decision, the Court of Appeals noted that Petitioner's notice of appeal had been filed late. The Appellate Court said:

This failure is jurisdictional and determinative of this appeal; however, since the proceeding in this court was conducted *pro se,* we will comment on each assignment.

*Id.* at 1. Thereafter, the Court rejected each of Petitioner's claims for lack of merit. Petitioner's appeal to the Ohio Supreme

---

**1.** At the same time, Petitioner was acquitted on a charge of robbery brought pursuant to Ohio

Rev.Code § 2911.02(A).

Court was dismissed on January 13, 1982, for lack of a substantial constitutional question. (*See*, doc. # 8, p. 2).

Finally, Petitioner filed this petition for writ of habeas corpus on April 5, 1982. In support of the petition, three grounds for relief have been asserted, to wit:

1. Petitioner was denied his Sixth Amendment right to the effective assistance of counsel at his original trial, because trial counsel failed to file a motion to suppress.

2. Petitioner was denied a fair post-conviction hearing because the same judge presided at both the original trial and the post-conviction evidentiary hearing.

3. Petitioner was the object of an unconstitutional search and seizure.

On June 29, 1982, this Court directed the Respondent to show cause why the application for writ of habeas corpus should not be granted, pursuant to 28 U.S.C. § 2254, Rule 4. Respondent's Return of Writ was filed on August 31, 1982. Attached to the return were the following pertinent documents: the indictment, entry of sentencing, Petitioner's motion for post-conviction relief, the post-conviction trial court decision denying relief, and the opinion of the Court of Appeals denying relief on Petitioner's appeal from the post-conviction proceedings. Subsequent to the filing of the Return of Writ, Respondent also submitted the opinion of the Court of Appeals from Petitioner's appeal of the judgment of conviction, the trial transcript, and the transcript of the evidentiary hearing held on Petitioner's post-conviction claims.

Based upon a review of the petition and Respondent's Return of Writ, and for the reasons set forth below, the Court concludes that the instant petition must be dismissed in its entirety, because Petitioner has failed to establish a violation of any of his constitutional rights.

## II. DISCUSSION

### A. PETITIONER'S CLAIM THAT HE WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL BECAUSE OF COUNSEL'S FAILURE TO FILE A MOTION TO SUPPRESS

Petitioner claims, as his first ground for relief, that he was denied the effective assistance of counsel at trial, because counsel failed to file a motion to suppress evidence which Petitioner believes was obtained by an unconstitutional search and seizure.[2] This claim was raised in Petitioner's motion for post-conviction relief. The post-conviction trial court held an evidentiary hearing on September 11 and 12, 1979, for the purpose of resolving the issue of the effectiveness of Petitioner's trial counsel. At the hearing, Petitioner questioned his trial counsel, witnesses from his trial, and the trial prosecutor extensively.[3] In addition, Petitioner testified in his own behalf. In a written decision, the post-conviction trial court denied relief, finding that ineffective assistance of counsel had simply not been established. *See, State v. Stills*, No. 77 CR 173, slip op. (Ct. of Com.Pleas, Greene County, October 12, 1979). The Appellate Court on Petitioner's appeal from the post-conviction trial court's decision on this issue denied relief, as well. *See, State v. Stills*, No. 1129, slip op. (Ct.App. Greene County, April 15, 1981).

---

**2.** Petitioner was a passenger in a car stopped by a Clark County Deputy Sheriff for a traffic violation. After receiving information from his dispatcher that the car was suspected of being involved in a robbery, the Deputy Sheriff detained and searched the driver, Petitioner and another passenger. Bullets were found on Petitioner's person. Consequently, an inventory search of the car was conducted, in which a gun was found. Petitioner maintains that the search and seizure by the Deputy Sheriff were unconstitutional.

**3.** Petitioner represented himself at the hearing after the Court assured itself that Petitioner was competent and prepared to do so, and after repeated offers of legal assistance were offered and rejected by Petitioner. *See,* Transcript of Evidentiary Hearing, pp. 1–17.

■ This Court must presume the correctness of a state court's *factual*[4] determinations in a habeas corpus proceeding brought pursuant to 28 U.S.C. § 2254, unless it appears to the Court that the state court proceedings did not reliably resolve the factual issue. 28 U.S.C. § 2254(d).[5] *See also, Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). Further, although this Court may not accept a state court's findings on a mixed question of law and fact (i.e. one requiring application of a legal principle to factual determinations), *see, Townsend, supra; Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), the Court may presume the correctness of the state court's factual determinations, and then apply the controlling legal standard itself. *See, Cuyler, supra*. Therefore, this Court must accept the factual findings concerning the effectiveness of Petitioner's trial counsel, as they were developed at the post-conviction evidentiary hearing, unless there is some indication from the record that the factual determination is not reliable for one of the reasons enumerated in 28 U.S.C. § 2254(d). The Court must then apply the appropriate legal standard to those facts.

■ The Court is satisfied, after reviewing the transcript of the post-conviction evidentiary hearing held on September 11 and 12, 1979, that Petitioner received a full, fair and adequate hearing on the facts pertinent to his claim that he was denied the effective assistance of counsel, because his counsel failed to file a motion to suppress. Petitioner, who represented himself after repeated offers of legal assistance from the court, was permitted to question his trial counsel and the deputy sheriff who allegedly committed the unconstitutional search, as well as other witnesses from his trial. Each of Petitioner's numerous allegations was methodically examined. Finally, Petitioner was permitted to make a long summation and legal argument to the court.

---

**4.** "Issues of fact ... are termed basic, primary, or historical facts: facts 'in the sense of a recital of external events and the credibility of their narrators.'" *Townsend v. Sain*, 372 U.S. 293, 309 (n. 6), 83 S.Ct. 745, 755 (n. 6), 9 L.Ed.2d 770 (1963), *quoting, Brown v. Allen*, 344 U.S. 443, 506, 73 S.Ct. 397, 445–446, 97 L.Ed. 469 (1953).

**5.** 28 U.S.C. § 2254(d) reads in full:

(d) In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear, or the respondent shall admit—

(1) that the merits of the factual dispute were not resolved in the State court hearing;
(2) that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing;
(3) that the material facts were not adequately developed at the State court hearing;
(4) that the State court lacked jurisdiction of the subject matter or over the person of the applicant in the State court proceeding;
(5) that the applicant was an indigent and the State court in deprivation of his constitutional right, failed to appoint counsel to represent him in the State court proceeding;
(6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding; or
(7) that the applicant was otherwise denied due process of law in the State court proceeding;
(8) or unless that part of the record of the State court proceeding in which the determination of such factual issue was made, pertinent to a determination of the sufficiency of the evidence to support such factual determination, is produced as provided for hereinafter, and the Federal court on a consideration of such part of the record as a whole concludes that such factual determination is not fairly supported by the record:

And in an evidentiary hearing in the proceeding in the Federal court, when due proof of such factual determination has been made, unless the existence of one or more of the circumstances respectively set forth in paragraphs numbered (1) to (7), inclusive, is shown by the applicant, otherwise appears, or is admitted by the respondent, or unless the court concludes pursuant to the provisions of paragraph numbered (8) that the record in the State court proceeding, considered as a whole, does not fairly support such factual determination, the burden shall rest upon the applicant to establish by convincing evidence that the factual determination by the State court was erroneous.

With respect to the facts as they were developed at the evidentiary hearing, the post-conviction trial court made the following findings:

It is acknowledged that this matter could be litigated on a motion to suppress. However, this Court finds that defense counsel, after a full discussion with the Defendant concerning the advantages and disadvantages of filing a motion to suppress, decided that in this instance that it would be tactically improper to file such a motion to suppress. Defense counsel articulated the reason that had a motion to suppress been filed the speedy trial provisions requiring the Defendant to be tried within ninety (90) days would have been waived and that then the tremendous advantage of having the indictment in another county dismissed because of the failure to bring the individual to trial within ninety (90) days would have been lost. Defense counsel further expressed the opinion that the motion to suppress would probably be denied.

*State v. Stills,* No. 77 CR 173, slip op. at 4–5 (Ct. of Com. Pleas, Greene County, October 12, 1979). Thus, the court found that defense counsel made a tactical decision not to file a motion to suppress.

In the Sixth Circuit, the standard for determining whether Petitioner received the effective assistance of counsel is whether defense counsel rendered reasonably effective assistance of counsel. *Beasley v. United States,* 491 F.2d 687 (6th Cir.1974). In *Beasley,* the Sixth Circuit stated that:

Defense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law and must conscientiously protect his client's interest.

.    .    .    .    .

Defense strategy and tactics which lawyers of ordinary training and skill in the criminal law would not consider competent deny a criminal defendant the effective assistance of counsel, if some other action would have better protected a defendant and was reasonably foreseeable

as such before a trial. If, however, action that appears erroneous from hindsight was taken for reasons that would appear sound to a competent criminal attorney, the assistance of counsel has not been constitutionally defective.

*Id.* at 696.

This Court believes that defense counsel's tactical decision to forego the filing of a motion to suppress which he felt would be denied, in order to attempt the dismissal of a separate indictment, is an action that "would appear sound to a competent criminal attorney." *Id.* Thus, the Court concludes that Petitioner was not denied his Sixth Amendment right to the effective assistance of counsel. Accordingly, the Court concludes that Petitioner's first claim for relief is without merit, and that it should be, and is hereby dismissed.

B. PETITIONER'S CLAIM THAT HE WAS DENIED A FAIR POST–CONVICTION HEARING BECAUSE THE SAME JUDGE PRESIDED AT BOTH THE ORIGINAL TRIAL AND THE EVIDENTIARY HEARING

■ Petitioner claims that he was denied a fair post-conviction hearing because the same judge presided at both the original trial and the evidentiary hearing on his motion for post-conviction relief. Petitioner claims that, as a consequence, the judge added "critical testimony not presented at the evidentiary hearing which changed the entire context of the hearing." (Doc. # 2, p. 4)

Petitioner does not indicate what testimony he believes the state court judge added. Nor could the Court, on its own review, discover any impropriety in the post-conviction proceedings. To the contrary, the record revealed that the post-conviction trial judge afforded Petitioner the opportunity to raise every claim he desired, question witnesses, make legal arguments, and even recessed in order that Petitioner might take time to develop his case to the utmost of his ability. Therefore, this Court is of the opinion that Petitioner has failed to estab-

lish a violation of his constitutional rights with respect to his second claim for relief. Accordingly, Petitioner's claim that he was denied a fair post-conviction proceeding in the state court is hereby dismissed.

### C. PETITIONER'S CLAIM THAT HE WAS THE OBJECT OF AN UN-CONSTITUTIONAL SEARCH AND SEIZURE

■ Petitioner claims that his Fourth Amendment right to be free from unreasonable searches and seizures was violated when he was detained, searched, and his possessions were seized by Clark County, Ohio, officials. However, Petitioner has never raised this claim prior to the filing of the instant petition.[6]

The Supreme Court held in *Stone v. Powell*, 428 U.S. 465, 482, 96 S.Ct. 3037, 3046, 49 L.Ed.2d 1067 (1976) "that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." (footnote omitted). The Sixth Circuit has ruled that, in cases where the state court has not ruled on the Fourth Amendment issue, a district court must make "two distinct inquiries in habeas proceedings." *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir.1982), in order to determine whether the holding of *Stone* is applicable. First, the district court must make a determination as to whether the available state procedure provides for the opportunity to raise a Fourth Amendment claim. *Id.* Second, "the court

must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism." *Id.* (citations omitted). Thus, in order to determine whether *Stone* prohibits review of Petitioner's Fourth Amendment claim, this Court must first determine whether the procedure afforded by Ohio permitted Petitioner to raise a Fourth Amendment claim. Then, the Court must determine whether a flaw in that process caused Petitioner's failure to present the claim to the state courts.

With respect to the first question, the Sixth Circuit found in *Riley, supra* at 526, that "Ohio R.Crim.P. 12 provides for an adequate opportunity to raise fourth amendment claims in the context of a pretrial motion to suppress." With respect to the second question, it is clear that it was not a flaw in the Ohio procedural mechanism that prevented Petitioner from raising his fourth amendment claim. Rather, as discussed earlier, defense counsel made a tactical decision not to make a motion to suppress, because in his view, it would not be successful. Instead, defense counsel hoped to be successful in forcing the dismissal of a second, separate indictment. Thus, under the test set forth in *Riley*, this Court is prohibited from considering Petitioner's fourth amendment claim by the Supreme Court's decision in *Stone*. Accordingly, this claim is dismissed.

### III. CONCLUSION

In summary, the Court finds, for the reasons stated above, that Petitioner's first and second claims do not present a violation of Petitioner's constitutional rights. Further, the Court finds that it is prohibit-

---

**6.** However, the Ohio post-conviction trial court ruled, in the context of Petitioner's Sixth Amendment claim, that:

> the arresting officer had an articulate and reasonable suspicion that the vehicle and occupants in the vehicle were subject to seizure for a violation of the law, namely, speeding and robbery which are objective criteria. That after finding the rounds of ammunition on the Defendant-Petitioner, *the officer further had a reasonable cause to search the vehicle for weapons, in addition he had a right to make an inventory search of the automo-*

bile. *The search was incident to a valid arrest.* The search could further be justified on the basis of probably [sic] cause after finding the bullets and it further could be validated by the exigency of circumstances, it is therefore the conclusion of the Court that defense counsel did not violate his substantial duty toward the Defendant-Petitioner by his calculated tactic of not filing a motion to suppress the gun in this case. *State v. Stills,* No. 77 CR 173, slip op. at 5 (Ct. of Com. Pleas, Greene County, October 12, 1979) (citations omitted) (emphasis added).

ed from considering Petitioner's third claim by the Supreme Court's decision in *Stone v. Powell, supra.* Therefore, the instant petition must be, and is hereby dismissed in its entirety.

The captioned cause is ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.